CLD-184                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1997
_____

IN RE:  ARTHUR D'AMARIO, III,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 06-cr-00112)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 24, 2012
Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 14, 2012)
_____

OPINION
_____

PER CURIAM

In 2006, D'Amario was convicted in the District Court of threatening a United

States Judge, in violation of 18 U.S.C. § 115(a)(1)(B), and he was sentenced to 84

months' imprisonment.  Recently, D'Amario filed a petition for a writ of mandamus,

alleging that he is scheduled to be released from prison in June 2012, although D'Amario

argues that he should have been released already, and that Judge Diamond, who presided

over D'Amario's jury trial, has conspired with United States Probation Officer Scherrer

to deny D'Amario the opportunity to transition into a halfway house and to be released

into the jurisdiction of his choice. D'Amario asks this Court to (1) compel Judge Diamond to cease interfering with the Bureau of Prisons's decision about where to release D'Amario, and (2) to compel Officer Scherrer to cease falsifying reports and threatening D'Amario, particularly because, in D'Amario's view, his sentence has already expired.

Mandamus is an "extraordinary remedy" that we award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Mandamus lies only when there is no other remedy to obtain the relief sought. See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989). D'Amario has plainly failed to meet this high standard. His petition includes no evidence, beyond his bare allegations, that either Judge Diamond or Officer Scherrer has acted inappropriately in any respect.

Accordingly, we will deny the petition.

2